E-FILED
Wednesday, 19 August, 2026 12:19:42 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| **JEROME FLAGG,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **No. 1:26-cv-1334-SEM-DJQ** |
| | ) |
| **DAVIS, et al.,** | ) |
| **Defendants.** | ) |

# MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Jerome Flagg, who is currently incarcerated at Pontiac Correctional Center ("Pontiac"), filed a Complaint under 42 U.S.C. § 1983 and a Motion to Request Counsel. (Docs. 1, 3). Plaintiff's Complaint is now before the Court for screening. For the following reasons, the Court finds that Plaintiff may proceed on (1) an Eighth Amendment conditions of confinement claim against Defendant Davis for allegedly leaving Plaintiff inside a smoke-filled room, and (2) an Eighth Amendment deliberate indifference claim against Defendant Davis for allegedly denying Plaintiff medical care on or about December 10, 2025. Plaintiff's request for counsel is denied, with leave to renew.

# I. COMPLAINT

## A. Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Complaint, the Court accepts the factual allegations as accurate, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## B. Facts Alleged

At all times relevant to his Complaint, Plaintiff was incarcerated at Pontiac. Plaintiff files suit against Warden Carothers and Lieutenant Davis.

Plaintiff alleges that on or about December 10, 2025, other inmates started a riot and set a fire, causing black smoke to fill the group room which Plaintiff was located in. Plaintiff alleges that he has asthma and chronic obstructive pulmonary disease ("COPD"). As smoke filled the room, Plaintiff alleges that he could not breathe and gasped for air. Plaintiff began choking and vomiting, his throat became very tight, and his vision was blurry. Plaintiff alleges that he was shackled to the dayroom table and unable to protect himself from the smoke or leave the room.

Plaintiff alleges that Defendant Davis arrived at 1:30 p.m. to check on the group. Plaintiff and the other group members asked to evacuate, but Defendant Davis allegedly denied the request. Plaintiff tried to say that he had respiratory issues, but he could not breathe or talk. Plaintiff states that the room became hot and dark and filled with black smoke.

Approximately an hour later, Defendant Davis returned to the room and ordered Plaintiff to go back to his cell. Plaintiff alleges that he repeatedly asked Defendant Davis for medical attention, but Defendant Davis denied his requests, slammed

the cell door in Plaintiff's face, and told Plaintiff to "deal with it." (Doc. 1 at p. 7).

Plaintiff states that staff members are fully aware of the fire and smoke policy and the requirement to provide a medical evaluation after a hazardous event. Plaintiff alleges that his breathing, vision, and throat have not returned to normal since this incident.

## C. Analysis

### 1. Defendant Lieutenant Davis

Plaintiff, who suffers from asthma and COPD, alleges that Defendant Davis violated his Eighth Amendment rights by leaving him shackled to a table inside a smoke-filled room on or about December 10, 2025. The Eighth Amendment requires the government to "provide humane conditions of confinement . . . and [to] 'take reasonable measures to guarantee the safety of inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Conditions of confinement that expose a prisoner to a substantial risk of serious harm are unconstitutional. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To proceed on a

conditions of confinement claim, the plaintiff must allege that (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendant acted with deliberate indifference to those conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834).

Plaintiff also alleges Defendant Davis denied his requests for medical care after he was removed from the smoke-filled room. It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer*, 511 U.S. at 834.

To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id.* An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay

person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522.

To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

The Court finds that the facts alleged in Plaintiff's Complaint are sufficient to proceed on (1) an Eighth Amendment conditions of confinement claim against Defendant Davis for allegedly leaving Plaintiff inside a smoke-filled room, and (2) an Eighth Amendment deliberate

indifference claim against Defendant Davis for allegedly denying Plaintiff medical care on or about December 10, 2025.

**2. Defendant Warden Carothers**

Plaintiff named Warden Carothers as a Defendant but did not include any specific allegations against Defendant Carothers in his Complaint. It appears that Plaintiff may be attempting to hold Defendant Carothers liable based solely on his supervisory position. There is no *respondeat superior* under § 1983. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). If prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Defendant Carothers is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

### 3. Intentional Infliction of Emotional Distress ("IIED") Claim

In a conclusory fashion, Plaintiff alleges that "[t]he Defendants subjected [him] to the intentional infliction of emotional stress & health risk." (Doc. 1 at p. 8). To prevail on an IIED claim under Illinois law, Plaintiff must show: "(1) the defendants engaged in 'extreme and outrageous' conduct; (2) the defendants 'either intended that [their] conduct would inflict severe emotional distress, or knew there was a high probability that [their] conduct would cause severe emotional distress'; and (3) the defendants' 'conduct in fact caused severe emotional distress.'" *McGreal v. Vill. of Orland Park*, 850 F.3d 308, 314 (7th Cir. 2017) (quoting *Zoretic v. Darge*, 832 F.3d 639, 645 (7th Cir. 2016)). "Whether conduct is extreme and outrageous is judged on an objective standard, based on the facts of the particular case." *Dent v. Nally*, No. 16-00442, 2016 WL 2865998, at *4 (S.D. Ill. May 17, 2016) (citing *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001)).

Plaintiff does not allege that Defendants intended to inflict severe emotional distress or knew that there was a high

probability that the alleged conduct would cause severe emotional distress. Plaintiff also does not plead sufficient allegations to establish that he suffered severe emotional distress. “[E]motional distress alone is not sufficient to give rise to a cause of action. The emotional distress must be severe.” *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006) (internal citations omitted). Plaintiff’s IIED claim is dismissed without prejudice.

**4. Negligence Claim**

Plaintiff also asks to proceed on a “negligence claim in violation of Illinois state laws against all defendants.” (Doc. 1 at p. 8). Under Illinois law, a plaintiff may recover under a negligence theory by proving “that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff’s injury.” *Krywin v. Chicago Transit Auth.,* 238 Ill.2d 215, 225 (Ill. 2010) (citation omitted). Illinois, however, has a sovereign immunity statute which limits its liability to suit. The State Lawsuit Immunity Act provides that “[e]xcept as provided in the Illinois Public Labor Relations Act, the Court of Claims Act,

the State Officials and Employees Ethics Act, and Section 1.5 of this Act, the State of Illinois shall not be made a defendant or party in any court." 745 ILCS 5/1. This sovereign immunity extends to state employees named as defendants. If it were otherwise, "[n]aming state employees as defendants would be too simple an evasion of the statute . . . when the real claim is against the State of Illinois itself and when the State of Illinois is the party vitally interested." *Murphy v. Smith*, 844 F.3d 653, 658 (7th Cir. 2016), *aff'd,* 583 U.S. 220 (2018). Plaintiff's negligence claim is dismissed without prejudice.

## II. MOTION TO REQUEST COUNSEL

Also pending before the Court is Plaintiff's Motion to Request Counsel. (Doc. 3). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given

the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 655.

Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. Plaintiff does not indicate if he contacted any attorneys to request representation. Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Because Plaintiff has not satisfied the first prong of *Pruitt*, the Court does not address the second. *See Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's Motion is denied, with leave to renew. If Plaintiff renews his request, he is directed to attach copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

**1) According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with (1) an Eighth Amendment conditions of confinement claim against Defendant Davis for allegedly leaving Plaintiff inside a**

**smoke-filled room, and (2) an Eighth Amendment deliberate indifference claim against Defendant Davis for allegedly denying Plaintiff medical care on or about December 10, 2025. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

**2) Defendant Carothers is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE Defendant Carothers.**

**3) Plaintiff's Motion to Request Counsel [3] is DENIED, with leave to renew.**

**4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions, to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

**5) The Court will attempt service on Defendant by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

**6) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to**

**dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to an Answer is necessary or will be considered.**

7) **This District uses electronic filing, which means that, after Defendant's counsel has filed an appearance, counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendant's counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

8) **If Defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

**9) Defendant's counsel is granted leave to depose Plaintiff. Defendant's counsel shall arrange the time for the deposition.**

**10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this case with prejudice.**

**11) If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

**12) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

**13) The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED August 19, 2026.

s/ *Sue E. Myerscough*

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE